Minshall, J.
The brothers and sisters of Charles ,D. Smith, deceased, brought suit in the common pleas of Athens county, against Lizzie Smith, the widow of the deceased, to compel a conveyance to them of the land she inherited from her deceased husband. He died seized of the land and without issue, and, being non-ancestral, descended to her as his surviving wife, under the provisions of section 4159, Revised Statutes.
The conveyance is sought by reason of the provisions of an agreement of separation that had been made and entered into between them during their marriage. It is as follows :
“Agreement made and entered into this 8th day of July, 1891, by and between Charles D. Smith *33 and his wife, Lizzie Smith, witnesseth, that said parties- having concluded that they can and will live together no longer as husband and wife, not being able to dwell together in peace, they do mutually agree to the following division of the property of said parties: Said husband agrees to convey in fee simple to his said wife, part of in-lot 501, in the village of Athens, Ohio, * * * and to also pay said wife the sum of $500.00 cash in hand, to allow her to remove all furniture belonging to her, and each party releases any and all claim, right, title or interest, either vested or contingent in or to any property, present or future acquired belonging to the other, and it is further agreed, that if either should secure a divorce, that neither shall ask or receive any alimony of the other, and each party agrees to execute any .deeds or papers necessary to convey a clear title that the other may ask to property owned by him or her free of any further compensation than herein provided, in order tha-t the spirit of this agreement may be carried out, and it is agreed that each may have free and. untramm eled use and enjoyment of the property owned by them respectively, with full power of encumbrance or sale without the other’s consent. It is further agreed, that if said wife should agree, to sell said real estate, she shall give said C. D. Smith, the option to take it at the price she may finally agree to take of any other person. Witness our hands the day above written.
“Charles D. Smith.
“Mrs. Lizzie Smith.”
The common pleas sustained a demurrer to the petition and dismissed the action; on error, the *34 circuit court reversed the judgment and remanded the cause to the common pleas for further proceedings.
No question is raised as to the validity of the agreement; and it is well settled that such agreements when reasonable, and fairly made and entered into will be enforced. Nor is there any question that, but for this agreement, the widow, Lizzie Smith, would be the owner of the property at law- and in equity, under our statute of descents. The contention of the brothers and sisters is, that by the language of the agreement, “and each party releases any and all claim of right,’title or interest, either vested or contingent present or future acquired, belonging to the other,” she is precluded now from the right to take or claim the property as the heir of her deceased husband under the statute, and that she should be required to convey it to them. The only question that need be determined in this case is, as we think, whether by the above language, she thereby waived the right to inherit such property as her husband might die seized of; if not, then it is not necessary to determine whether an agreement for a consideration to renounce an expectancy of inheritance, is valid or not. It has generally been held not to be the subject of a contract of any kind. Needles, Exr. v. Needles, 7 Ohio St., 432, and authorities there cited. But conceding the contrary to be true what then is the proper construction of the language in the agreement, just quoted ? After carefully considering it, in connection with the whole agreement, we are satisfied that it cannot be construed to include the wife’s expectancy of inheritance under the statute of such real property as her husband died seized of, and intestate. Broad as *35 the language is, it falls short of this construction. It simply includes a “vested or contingent” title or interest in any of the property “belonging to the other” — that is, such an interest as cannot be affected by any disposition made of it by will or otherwise, by the one without the consent of the other. But an expectancy of inheritance by one of the property of another is not such an interest. It is regarded in law as a mere possibility, as it may be disposed of by the ancestor, either by deed or will as he may see fit; and is therefore neither a vested nor contingent right of any kind. A contingent right of whatever. nature in any subject of property, is one so far fixed that it cannot be affected by the disposition of any one subsequent to its creation without the consent of the party affected.- It may never take effect as a vested estate, for the contingency may never happen on which it is limited; hence it can not and does not rest upon the uncertainty as to whether one, who is the owner of the property in fee simple, will exercise the power incident to his ownership of disposing of his property as he sees fit, or not. Such an interest is not a contingent one within the meaning of the law, but.a mere possibility and in no way the subject of property.
There is nothing unfair nor unreasonable in the construction given this agreement. It gives full effect to what must be supposed to have been the object of both parties to it. They were dealing with respect to each other and not with respect to others. Each desired to secure the full dominion of the property allotted to himself or herself, and did so by this agreement. Each, by the agreement, acquired the right to dispose of the property given him or her to whoever either might see fit, without *36 the consent of the other. This is seen more clearly from the stipulation, that each should have the “free and untrammeled use and enjoyment of the property owned by them respectively, with full power of incumbrance or sale without the other’s consent.” They were not then dealing for their heirs or for any one else, but for themselves. Though under the terms of the agreement they lived separately, yet they chose to sustain and did sustain to the time of his death, the relation of man and wife. Whilst he might have disposed of his property by will or by deed of conveyance to .his brothers and sisters, yet he did nob, but left it to descend as at law. How then, can a court say that this, under the agreement, is contrary to his intention, and that his widow, to whom the property has descended, shall be compelled to convey it to his brothers and sisters ? They are simply volunteers, and have no rights with respect to the inheritance other than such as are derived from the law. Permitting the widow to take the inheritance under the statute does not violate a single term of the contract of separation. He enjoyed during his life the- full dominion of his property, and that is all he stipulated for. He could, had he desired, in the exercise of this full dominion, have given the property to his brothers and sisters, but he did not. Hence, permitting the property to descend as appointed by the law, can be a matter of surprise or injustice to no one living or dead. The fact that they lived separately is not a sufficient reason for supposing that he desired that his property should descend, to his brothers and sisters, rather than to his wife. It is reasonable to suppose that he knew that he could dispose of his property by will as he saw fit, and that from making no will he purposely *37 left it to descend to his wife. But it is not now-material what he may have .thought about it. The agreement contains no stipulation indicating that either renounced any right of inheritance in the property of the other. All that either renounced, was any right or interest, vested or contingent, in the property of the other, that would restrain the latter in exercising full dominion over his or her portion of the property divided.
The case of Miller, Exr., v. Miller, 16 Ohio St., 528, is relied on in support of the claim of the brothers and sisters. In that case it was decided, that a post-nuptial agreement, whereby the wife for a fair consideration, paid by the husband, relinquishes all claim to a distributive share of his personal estate in case she survives him will be upheld and enforced in equity. The case is distinguishable from the one at bar in two important particulars. (1' The thing to be relinquished is specifically stated — it is, all claim to a distributive share of the husband’s personal estate, should she survive him. In the case, at bar, there is no stipulation to renounce the possibility of heirship, could such astipulation be made. (2) The interest renounced in that case is not a mere expectancy or possibility. The right of a wife to a distributive portion of her husband’s personal estate, in case she survives him, cannot be defeated by the will of her husband. Doyle v. Doyle, 50 Ohio St., 330, And there are many respectable authorities to the effect that it cannot be-given away, in the life-time of the husband, in fraud of her rights. Cases cited in Doyle v. Doyle, supra, 345. It is then such an interest of the wife in the personal property of her husband, as that he cannot by will deprive her of it without her consent. With respect to such an *38 interest a contract by tbe wife to release it to her husband for a fair and reasonable consideration paid her, might, with reason, be sustained against her, as was done in the above case. But this as already pointed out, is not so in regard to the right of inheritance, which depends entirely upon the will of the ancestor.
The judgment of the circuit court is reversed, and that of the common pleas affirmed.